16-1096-cv
Berlyavsky v. N.Y.C. Department of Environmental Protection

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 20th day of December, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             RAYMOND J. LOHIER, JR.,
                     *Circuit Judges*.

_____

VIKTOR BERLYAVSKY,

         *Plaintiff-Appellant*,

              v.

NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL
PROTECTION, MS. EMILY LLOYD, HON. TYNIA RICHARD,
HON. MARYANN SCHICK, HON. ALESSANDRA
ZORGNIOTTI, MR. CARTER STRICKLAND,
MR. JAMES ROBERTS, MS. CARLA LOWENHEIM,                  16-1096-CV
MR. JORGE VILLACIS, MS. ANGELA DELILLO,
MS. VIRGINIA GZIKI, MS. VILHELMINA GUTHRIE,
MS. SHAY MCATAMNEY, MS. PERSIS LUKE,
MR. NICHOLAS MINUNNI, MS. ZOE ANN CAMPBELL,
MR. ANDERSON, MR. JOHNNI T. VASSER,
MR. AARON FEINSTEIN, MR. MICHAEL FARNAN,

         *Defendants-Appellees*.[1]

_____

[1] The Clerk of the Court is respectfully directed to amend the caption as above.

Appearing for Appellant:      Matthew H. Goldsmith, JurisGroup, PLLC, New York, NY.

Appearing for Appellee:      Susan Paulson, Assistant Corporation Counsel (Scott Shorr,
                              Assistant Corporation Counsel, *on the brief*), *for* Zachary W.
                              Carter, Corporation Counsel of the City of New York, New York,
                              NY.

Appeal from the United States District Court for the Eastern District of New York
(Matsumoto, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Viktor Berlyavsky appeals from the April 7, 2016 order of the United States District
Court for the Eastern District of New York (Matsumoto, *J.*) denying his motion for
reconsideration of the district court's judgment of October 2, 2015 dismissing his second
amended complaint with prejudice. The district court also declined to adopt the magistrate
judge's recommendation that he be allowed to file a third amended complaint. We assume the
parties' familiarity with the underlying facts, procedural history, and specification of issues for
review.

We affirm. The district court correctly determined that Berlyavsky's proposed third
amended complaint fails to adequately plead a continuing violation, making amendment futile.
"[A]n allegation of an ongoing discriminatory policy does not extend the statute of limitations
where the individual effects of the policy that give rise to the claim are merely discrete acts."
*Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 157 (2d Cir. 2012). Here, the proposed
complaint identifies only discrete acts, as opposed to the pattern of discrimination necessary to
properly plead a continuing violation.

The district court also correctly concluded that the proposed third amended complaint did
not adequately plead a claim for First Amendment retaliation. To determine if speech by a public
employee enjoys constitutional protection, courts employ the inquiry set forth by the Supreme
Court in *Garcetti v. Ceballos*, 547 U.S. 410 (2006). "The first [step] requires determining
whether the employee spoke as a citizen on a matter of public concern." *Id.* at 418. "If the
answer is no, the employee has no First Amendment cause of action based on his or her
employer's reaction to the speech. If the answer is yes, then the possibility of a First Amendment
claim arises." *Id.* (citation omitted). "[W]hen public employees make statements pursuant to
their official duties, the employees are not speaking as citizens for First Amendment purposes,
and the Constitution does not insulate their communications from employer discipline." *Id.* at
421. The rule applies even when the subject of an employee's speech is a matter of public
concern. *See Jackler v. Byrne*, 658 F.3d 225, 237 (2d Cir. 2011). Here, the proposed third
amended complaint alleges that Berlyavsky reported ongoing sampling violations to the Office
of Environmental Health and Safety in August 12, 2006 and that he suffered adverse
employment actions in 2006, 2009, and 2013. In so doing, Berlyavsky was speaking in his role

2

as a public employee, and not as a public citizen: his job was to collect water samples, test the water quality's compliance with state and federal law and report the results.

We have considered the remainder of Berlyavsky's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3